UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONATHON M. LOWNSBERRY,

        Plaintiff,

                                     Case Number 06-13602
v.                                   Honorable Thomas L. Ludington

JOHN MCNEIL LEES and
NORTHEAST MICHIGAN COMMUNITY
SERVICE AGENCY,

        Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S AND DEFENDANT LEES'S OBJECTIONS, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT, DENYING DEFENDANT LEES'S MOTION FOR ATTORNEY'S FEES, AND DISMISSING PLAINTIFF'S REMAINING CLAIMS WITHOUT PREJUDICE

On August 11, 2006, Plaintiff Jonathan M. Lownsberry ("Plaintiff") filed a pro se complaint alleging that his former preschool instructor, Defendant John "Jack" McNeil Lees ("Defendant Lees"), physically and sexually abused him during the 1991 to 1992 scholastic term. Dkt. # 1. Plaintiff's complaint also advances claims against Defendant Northeast Michigan Community Service Agency ("Defendant Northeast")[1] for its role in employing and supervising Defendant Lees.

On December 20, 2007, with the assistance of retained counsel, Plaintiff filed an amended complaint. Dkt. # 42. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 against Defendant Northeast for retaliating against Plaintiff for exercising his First Amendment rights and a claim labeled "governmental liability" for its hiring practices. Plaintiff also advances claims against

---

[1] Plaintiff's complaint also asserted claims against Defendant Cheboygan Community School District ("Defendant District"). On April 21, 2008, the parties stipulated to dismiss without prejudice Defendant District.

Defendant Lees for violation of his Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, assault, battery, and intentional infliction of emotional distress.

On June 24, 2008, Defendant Northeast moved for summary judgment [Dkt. # 58], which Defendant Lees joined. Dkt. # 60. Plaintiff also filed a motion to amend the complaint for the purpose of alleging a federal cause of action against Defendant Lees pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Pursuant to a general order of reference, Magistrate Judge Charles E. Binder issued a report and recommendation on September 15, 2008. Dkt. # 78.

The report recommended that the Court: (1) grant summary judgment in favor of Defendants with respect to the 42 U.S.C. § 1983 claims; (2) deny Plaintiff leave to amend because it would be futile; and (3) decline to exercise supplemental jurisdiction over Plaintiff's remaining pendant claims against Defendant Lees. *Id.* On September 29, 2008, Plaintiff timely filed an objection to the report. Dkt. # 79.[2]

The magistrate judge reached three primary conclusions. First, neither Defendant is a state actor for the purposes of 42 U.S.C. § 1983. Dkt. # 78 at 10-15. Second, Plaintiff has not demonstrated a factual dispute that Defendant Northeast sustained a policy of engaging in retaliatory behavior or knowingly hiring pedophiles. *Id.* at 8-9. Third, the alleged retaliatory conduct does not qualify as "adverse action" necessary for a prima facie First Amendment retaliation claim. *Id.* at 9-10.

_____

[2] Defendant contends that Plaintiff's objection is untimely. Dkt. # 82. While 28 U.S.C. § 636 requires an objection to be filed within ten days of the issuance of the report and recommendation, Plaintiff correctly points out that Federal Rule of Civil Procedure 6(a) excludes the date of filing and weekend days when calculating time periods of ten days or less. *See* Fed. R. Civ. P. 6(a). Thus, Plaintiff filed his objection within the ten day period. Accordingly, Defendant Northeast's objection will be overruled and each of Plaintiff's substantive challenges will be addressed.

Plaintiff's objection raises several assignments of error. First, Plaintiff contends that the magistrate judge incorrectly concluded that Plaintiff had not established that the alleged unconstitutional conduct was committed under the color of law. In the view of this Court, the magistrate judge correctly concluded that Defendant Northeast and Defendant Lees are not state actors for the purposes of imposing liability pursuant to 42 U.S.C. § 1983. In finding that Defendants are not state actors, the magistrate judge noted that Defendants were not subject to a supervising state agency or complex statutory scheme. Dkt. # 78 at 14-15. The magistrate judge concluded that Defendant Northeast "falls into the category of private entities whose mere receipt of state funds does not transform its nature into that of a state agency." Dkt. # 78 at 12,15 (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) (an organization's "receipt of public funds does not make the discharge decisions acts of the State")).

A

Liability under 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments is "triggered only in the presence of state action and a private entity acting on its own cannot deprive a citizen of [constitutional] rights." *S.H.A.R.K. v. Metro Parks Serving Summit County*, 499 F.3d 553, 564 (6th Cir. 2007) (citation and quotations omitted). "[A] private entity can be held to constitutional standards when its actions so approximate state action that they may be fairly attributed to the state." *Id.* A private party may be deemed a state actor under the public-function test, the state-compulsion test, and nexus test. *Id.* (citing *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000)). Plaintiff contends that the magistrate judge erroneously applied the state-compulsion test "where the public function and nexus analyses are more appropriate." Dkt. # 79 at 5. Plaintiff's objection, however, does not develop why Defendants are state actors under either test,

nor provide citations to relevant legal authority.

Plaintiff's objection contends that "provision of pre-school education to low income children is and has been a traditional and exclusive state and federal function since the enactment of the federal Head Start Act . . . ." Dkt. # 79 at 4. "The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state, such as holding elections or eminent domain." *S.H.A.R.K.*, 499 F.3d at 564. When determining whether the entity is involved in a public-function, "the question is whether the function performed has been traditionally the *exclusive* prerogative of the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) (emphasis in original)(citation and quotations omitted). In *Rendell-Baker*, the Supreme Court concluded that when a state intends to provide "education to maladjusted [] students . . . [t]hat legislative policy choice in no way makes these services the exclusive province of the State." *Id.* While Plaintiff's response to Defendant Northeast's motion for summary judgment and Plaintiff's objection mention the public function test, it does not offer any authority for the proposition that pre-school education is exclusively a public function. Consequently, Plaintiff has not demonstrated that Defendant Northeast engaged in an exclusive public function that renders it a state actors for the purposes of 42 U.S.C. § 1983.

"Under the nexus test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *S.H.A.R.K.*, 499 F.3d at 564; *see also Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Such a determination is "necessarily [a] fact-bound inquiry." *Brentwood*, 531 U.S. at 298 (citation omitted). In that case, the Supreme Court concluded that the "pervasive entwinement of public

institutions and public officials" in a school athletic association overshadowed the association's "nominally private character." *Id.*

The magistrate judge noted that Plaintiff has not alleged that the "state exercises coercive power over [Defendant Northeast] nor that there is a close nexus between the state and [Defendant Northeast's] actions." Dkt. # 78 at 13. Again, Plaintiff's objection asserts that under the nexus test Defendant Northeast is a state actor, yet, as the magistrate judge noted, does not provide any argument or legal authority for the proposition. Rather, Plaintiff relies on the fact that Defendant Northeast is funded by the federally created Head Start Program. This allegation alone does not demonstrate the requisite close relationship between the state and Defendant Northeast under the nexus test. The Court agrees that Plaintiff has not demonstrated that Defendant Northeast is a state actor.

For the same reasons, the Court also agrees Defendant Lees is not a state actor. Plaintiff's objection has not provided a legal or factual basis for finding a sufficient connection between the state and Defendant Lees. Defendant Lees was an employee of Defendant Northeast, thus, the same conclusion is proper.

## B

Next, the magistrate judge recommends that the Court deny Plaintiff's motion to amend the complaint because it would be futile for Plaintiff to allege a cause of action under *Bivens*. Pursuant to the Federal Rules of Civil Procedure leave to amend shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir. 1995) (citing

*Ford v. Ford*, 371 U.S. 187 (1962)).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dept. of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir.1993)).

In evaluating the merits of Plaintiff's motion to amend, the magistrate judge considered "whether [Defendant Northeast] can be considered a *federal* actor subject to liability under *Bivens* in order to determine whether that amendment would be futile."  Dkt. # 78 at 18 (emphasis in original).  The magistrate judge concluded that neither Defendant Northeast nor Defendant Lees could be considered a federal actor and the motion to amend should be denied.  *Id.* at 21, 23.

Plaintiff did object to that conclusion, but raised arguments that are ultimately inapposite.  Plaintiff contends that granting leave to amend would not be in bad faith, prejudice Defendants, or be untimely.  While each of these may be considerations when determining leave to amend under Rule 15, the report did not recommend denying the motion for these reasons.  Rather, the magistrate judge evaluated the propriety of *Bivens* claims against Defendants.  While not disputing the analysis, Plaintiff advances two points: (1) "funding by the federal government may be relevant to a *Bivens* action" and (2) "since the Supreme court has already recognized a *Bivens* action for violations of due process, the amendment would not expand the scope of *Bivens* actions."  Dkt. # 79 at 6 (citing *Davis v. Passman*, 442 U.S. 228 (1979)).  Otherwise, Plaintiff has not offered any legal authority or arguments in opposition to the magistrate judge's conclusion.

In *Bivens*, the Supreme Court concluded that an implied private right of cause of action existed against federal agents in their individual capacities for violations of the Fourth Amendment.  403 U.S. at 397.  The Court has also recognized an implied right for violation of the Due Process

Clause of the Fifth Amendment. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 67 (2001) (citing *Davis v. Passman*, 442 U.S. 228 (1980)). However, the Supreme Court noted the limited application of *Bivens* as follows:

> In 30 years of *Bivens* jurisprudence [the Court] has extended its holding only twice, to provide an otherwise nonexistent cause of action against individual officers alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked *any alternative remedy* for harms caused by an individual officer's unconstitutional conduct. Where such circumstances are not present, we have consistently rejected invitations to extend *Bivens* . . .

*Id.* at 70 (emphasis in original). Consequently, an entity is not held accountable for a constitutional violation under *Bivens*. *Id.* at 74. Plaintiff has not offered any authority to the contrary. Thus, it would be futile for Plaintiff to assert a claim under *Bivens* against Defendant Northeast.

The outcome is the same for Defendant Lees. The magistrate judge noted that the Supreme Court and various circuits have concluded that individuals with a greater connection to the federal government have "escaped liability under *Bivens*." Dkt. # 78 at 22 (citing *Polk County v. Doson*, 454 U.S. 312, 320-21 (1981)). Plaintiff bases the connection on the fact that Defendant Lees was employed by a federally funded program. Plaintiff, however, has not alleged any material facts showing a stronger relationship or provided legal authority demonstrating a *Bivens* action is appropriate. Moreover, as the magistrate judge noted, there are state tort remedies available to Plaintiff. The Court agrees that amendment of the complaint would be futile and will deny the motion.

## C

The magistrate judge's final  recommendation is for the Court to dismiss all viable claims without prejudice because only state law tort claims remain. Plaintiff's causes of action under 42 U.S.C. § 1983 provided the Court subject-matter jurisdiction over Plaintiff's complaint. 28 U.S.C.

§ 1331. A district court may decline to exercise jurisdiction over state law claims if it original jurisdiction is extinguished. *Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 583 (6th Cir. 2007) (citing 28 U.S.C. § 1367(c)(3)). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Id.* (citation omitted). In light of the earlier conclusions, the Court no longer maintains original jurisdiction. Plaintiff's objection has not furnished any reason for the Court to continue to exercise jurisdiction over his state tort claims. Consequently, the Court will dismiss Plaintiff's remaining state tort claims without prejudice.

D

Lastly, Defendant Lees moved for attorney's fees under Federal Rule of Civil Procedure 56(g). Defendant Lees's motion contends that Plaintiff filed a frivolous affidavit for the purpose of delay. Defendant Lees's motion does not set forth a reasonable basis for awarding attorney's fees under Rule 56(g). As discussed above, Plaintiff's objection was timely filed. In addition, Rule 56(g) contemplates affidavits filed in opposition to a motion for summary judgment. Defendant Lees's motion takes issue with Plaintiff's objection to the report and recommendation. Thus, the Court will deny Defendant Lees's motion for attorney's fees under Rule 56(g).

IV

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [Dkt. # 78] is **ADOPTED**. Plaintiff's objection [Dkt. # 79] and Defendant Lees's objection [Dkt. # 82] are **OVERRULED**.

It is further **ORDERED** that Defendants' motion for summary judgment [Dkt. # 58] is **GRANTED**.

It is further **ORDERED** that Plaintiff's motion to amend the complaint [Dkt. # 64] is

**DENIED**.

It is further **ORDERED** that Defendant Lees's motion for attorney fees [Dkt. # 81] is

**DENIED**.

It is further **ORDERED** that Plaintiff's remaining state tort claims are **DISMISSED**

**WITHOUT PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 7, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 7, 2008

s/Tracy A. Jacobs
TRACY A. JACOBS
